IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARLO CARTER                                                                                               PLAINTIFF
ADC #174069

v.                                                  5:19-cv-00363-JM-JJV

COLMEN, *et al*.                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Plaintiff Marlo Carter ("Plaintiff"), incarcerated at the W.C. Dub Brassell Adult Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Colmen, an officer at the W.C. Dub Brassell Adult Detention Center, in his official capacity only. (Doc. No. 2 at 2.) Plaintiff alleged he was attacked by other inmates and did not get the medical care he needed. (*Id*. at 4.)

On December 17, 2019, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted. (Doc. No. 5.) I advised Plaintiff of the deficiencies in his Complaint and gave Plaintiff thirty days in which to file a superseding Amended Complaint if he wished. (*Id*.) Plaintiff filed his Amended Complaint on January 16, 2020. (Doc. No. 6.) In his Amended Complaint, Plaintiff named L.T. Baker, an officer at the Dub Brassell Adult Detention Center, as a Defendant in his official capacity only. (*Id*. at 1.) Plaintiff's allegations, in their entirety, read:

> Sunday, October 20, 2019, around 2:00 p.m. right before dinner was served, I've just gotten off the phone with my family letting them know my location. Fredrick Taylor called me to his cell 10Z-A-Pod and told me I killed his uncle Ratliff. (Mr. Dickie) a white male? And Taylor is a black man. No resemblance at all. And told me that I was gone cash him out or get my ass whooped! I told him I didn't have

any money, and he stated I was about to get my ass whooped!! He had Bradley Gates, and Spencer punched me from behind first. Then I fought them for about 10-minutes. Then Taylor called another hit on me and had [other inmates] jump me again. I ran toward the door and press the button multiple times! No one came. McMiller grab me from behind in the choke hold while everybody jumped me in the tovo area! I was kicked, punched, and stomped multiple times. On camera in the tv area. I needed 3 to 4 stitches. I did not get the proper medical treatment I needed. My blood pressure was checked and I was sent back to my pod. L. T. Baker was notified and I was placed on p.c. on F. pod.

(*Id*. at 4.)

After careful consideration of Plaintiff's Amended Complaint upon resumed screening, I recommend Plaintiff's claims be dismissed without prejudice for failure to state a claim.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint

3

must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

As explained in detail below, Plaintiff failed to state a claim on which relief may be granted against both Defendant Colmen and Defendant Baker.

#### A. Defendant Colmen

Plaintiff named Colmen as a Defendant in his original Complaint, but makes no allegations against Defendant Colmen in his superseding Amended Complaint. (Doc. Nos. 2, 6.) In my December 17, 2019 Order, I cautioned Plaintiff "that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in his Amended Complaint will be allowed to proceed." (Doc. No. 5.)

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff made no claims against Defendant Colmen in his Amended Complaint, he failed to state a claim against him.

**B.     Defendant Baker**

In his Amended Complaint, Plaintiff sued Defendant Baker in his official capacity only. In my December 17, 2019 Order, I advised Plaintiff that his official capacity claims are the equivalent of claims against Jefferson County. (Doc. No. 5 at 4.) I further advised him that because he did not identify a policy, practice, or custom as the driving force behind the alleged violation of his rights, there was no basis upon which to establish liability against Jefferson County. (*Id*.) Plaintiff was instructed to explain the reasons for his official capacity claim in any Amended Complaint. (*Id*. at 5.)

In his Amended Complaint, Plaintiff sued Defendant Baker only in his official capacity. (Doc. No. 6.) Plaintiff's Amended Complaint contains no allegations that a policy, practice, or custom was the driving force behind the alleged violation of his rights. Because Plaintiff failed to make policy, practice, or custom allegations, there is no basis upon which to establish municipal liability. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Accordingly, Plaintiff's claims against Defendant Baker fail and should be dismissed without prejudice. The Court notes that Plaintiff's claims against Defendant Colmen would have failed for this reason, as well.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be dismissed without prejudice.

2. Plaintiff's Complaint, as amended (Doc. No. 6) be dismissed without prejudice.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 16th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE